DENNIS M. GONZALES, State Bar No. 59414
dgonzales@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Leroy D. Baca,
and Fernando Luviano

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLGUIN, | Case No. CV 10-08011 GW (PLAx) |
| Plaintiff, | Honorable George H. Wu |
| vs. | **PROTECTIVE ORDER** |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, DEPUTY RICO, DEPUTY FERNANDO LUVIANO, DEPUTY LASCANO, AND DOES 1-10, | |
| Defendants. | |

Having reviewed and considered the Parties' Stipulation For Protective Order, good cause showing therein, IT IS SO ORDERED:

**I.    INTRODUCTION AND STATEMENT OF GOOD CAUSE.**

1. <u>Plaintiff.</u>  The Plaintiff is Michael Holguin ("Plaintiff").

2. <u>County Defendants.</u>  The County Defendants are the County of Los Angeles, Sheriff Leroy D. Baca, Fernando Luviano and David Ortega ("County Defendants" and/or "Disclosing Party;" Plaintiff and Defendants are collectively

1

referred to as the "Parties").  Additionally, Plaintiff's contemplate serving Giovanni Rico as a County Defendant.

3. <u>Receiving Party.</u>  The Receiving Party shall refer to all Parties receiving information from the County Defendants pursuant to this protective order.  The Receiving Party is Plaintiff and his agents as set forth in Paragraph Nos. 16 and 17.

4. <u>Case Summary.</u>  This case arises from Plaintiff's allegations that on or about October 18, 2009, Los Angeles County Sheriff's Department deputies used excessive force on him while he was incarcerated in Men's Central Jail.

5. <u>Good Cause Statement.</u>  The Parties anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their secrecy and confidentiality ("Confidential Information").  Confidential Information includes third party inmate information and records subject to the official information privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.

6. <u>Interests In Favor Of Protective Order.</u>  This order is necessary to expedite discovery, while maintaining confidential and private information of defendants, and to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.  Further, disclosure of such information without a protective order may compromise the safety of third parties.

7. <u>Stipulation.</u>  The Parties are entering into this Stipulated Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential law enforcement information as described in this Order.  To informally resolve this discovery

matter, the Parties have agreed to this stipulated protective order that carefully limits the use and dissemination of the Confidential Information.

## II. USE AND DISSEMINATION OF THE CONFIDENTIAL INFORMATION.

8. <u>Confidential Information.</u>  This protective order shall apply to all Confidential Information, produced by the County Defendants to the Plaintiff, the Receiving Party.  The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from the County Defendants in this matter; originals and copies of relevant documents responsive to the Plaintiff's requests for production of documents obtained from the County Defendants in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

9. <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

10. <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

11. <u>Limitation Of Use Of Confidential Information.</u> Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order.  Any such

disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 14 and 15 of this Order.

12. <u>Testimony Regarding The Confidential Information.</u>  In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information, either orally during the deposition or in writing within ten (10) business days after receipt of the deposition transcript.  Until expiration of the ten (10) business-day period, the entire deposition shall be treated as Confidential Information.  Further, to the extent that Confidential Information may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall sign a statement as set forth in Paragraph No. 17.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

13. <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it.

14. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u>  The secrecy and confidentiality of the Confidential Information

exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled.  No Confidential Information or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Information shall be reproduced, disseminated, or disclosed to any person or use for any purpose except in accordance with this Stipulation and Order or by further Order of the Court.  Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Party is prohibited from placing any of the Confidential Information on the internet.

15. <u>Court Filings.</u>  If necessary in the judgment of attorneys for Receiving Parties, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.

16. <u>Other Persons Authorized To Review Confidential Information.</u>  The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 17 below, and comply with the provisions of that section.

17. <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall

first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the Disclosing Party the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.
>
> Dated: _____ /s/_____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

18. <u>Plaintiff's Possession of Materials.</u>  Plaintiff may not have possession of any Confidential Information, or material derived therefrom, while he is incarcerated in jail or prison.  Further, Plaintiff's attorneys or agents may not share any of the Defendants' personal identification information with Plaintiff.

19. <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other

information that is subject to this Order.  Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

20. <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

21. <u>Modification.</u>  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

22. <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 17 of this Order, to the Disclosing Party care of:

>      Raymond W. Sakai, Esq.
>      Lawrence Beach Allen & Choi, PC
>      100 West Broadway, Suite 1200
>      Glendale, California 91210-1219;

Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the

conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this protective order.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

23. <u>Survivability of Order.</u>  This Stipulation and Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

Dated:  March 17, 2011      _____
　　　　　　　　　　　　　　Honorable Paul L. Abrams
　　　　　　　　　　　　　　United States Magistrate Judge

8
HOLGUIN\PLDG\DISC\PROTECTIVE ORDER\[PROPOSED] ORDER