DENNIS M. GONZALES, State Bar No. 59414
dgonzales@lbaclaw.com
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
NATHAN A. OYSTER, State Bar No. 225307
noyster@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Leroy D. Baca,
Fernando Luviano, David Ortega, and Giovanni Rico

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL HOLGUIN, | Case No. CV 10-08011 GW (PLAx) |
| Plaintiff, | Honorable Paul L. Abrams |
| vs. | **DEFENDANTS' *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER BARRING THE DEPOSITIONS OF DEFENDANT LEROY BACA, AND NON-PARTIES JOHN CLARK, PAUL TANAKA, AND DENNIS CONTE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NATHAN A. OYSTER IN SUPPORT THEREOF** |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, DEPUTY RICO, DEPUTY FERNANDO LUVIANO, DEPUTY LASCANO, AND DOES 1-10, | |
| Defendants. | |
|  | *[[Proposed] Order filed concurrently herewith]* |
|  | ***IMMEDIATE RELIEF REQUESTED*** |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

COME NOW Defendants County of Los Angeles, Sheriff Leroy D. Baca, Fernando Luviano, David Ortega, and Giovanni Rico ("Defendants") hereby

1

apply *ex parte* for a Protective Order barring Plaintiff from deposing Defendant Sheriff Leroy Baca, and nonparties Captain John Clark, Undersheriff Paul Tanaka, and retired Commander Dennis Conte.  The Application is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Nathan A. Oyster, and the grounds that the proposed deponents have no personal involvement or personal knowledge of the subject incident, and that absent extraordinary circumstances, high-ranking government officials are not subject to deposition.  In the alternative, Defendants request that the Court enter an order setting a briefing schedule on a motion for a protective order, staying the deposition pending a hearing on the motion, and excusing Defendants from compliance with Local Rule 37-2.

Good cause exists to grant the relief sought via *ex parte* application because, for the reasons stated herein, Defendants were unable comply with the filing requirements of Local Rule 37-2.  (Declaration of Nathan A. Oyster, ("Oyster Decl."), ¶¶ 3-12.)

Dated:  October 6, 2011          LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Nathan A. Oyster
     Nathan A. Oyster
     Attorneys for Defendants
     County of Los Angeles,
     Sheriff Leroy D. Baca,
     Fernando Luviano, David Ortega,
     and Giovanni Rico

EX PARTE APPLICATION FOR PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendants apply *ex parte* for a Protective Order barring Plaintiff from deposing Defendant Sheriff Leroy Baca and non-parties Captain John Clark, Undersheriff Paul Tanaka, and retired Commander Dennis Conte, on October 25, 2011, October 26, 2011, and October 28, 2011.  Good cause exists for *ex parte* relief because Defendants could not timely file a joint stipulation in this matter.

This litigation involves Plaintiff's allegations of excessive force by Los Angeles County Sheriff's Department jail personnel while Plaintiff was an inmate at Men's Central Jail ("MCJ").  Plaintiff's Complaint arises out of one alleged jail incident on October 18, 2009, yet Plaintiff now seeks to depose three current and former Sheriff's Department officials who had no personal involvement in the subject incident, and were not even working at MCJ at the relevant time period. Further, Plaintiff's Complaint alleges garden-variety state and federal claims for excessive force – precisely the types of claims for which non-party, high-ranking government officials with no personal involvement in Plaintiff's allegations are not subject to deposition.

As set forth below, Captain John Clark, Undersheriff Paul Tanaka, and retired Commander Dennis Conte are not parties to this litigation, nor are they mentioned or implicated in the operative Complaint.  Accordingly, Plaintiff has fallen far short of establishing that the depositions would produce matter that is relevant to the subject incident.  The proposed depositions are also unduly burdensome given the non-party status of deponents.

In addition, Plaintiff should also be barred from deposing Sheriff Leroy Baca, Captain John Clark, Undersheriff Paul Tanaka, and retired Commander Dennis Conte because a litany of authorities demonstrate that high-ranking government officials and former high-ranking government officials are not subject to deposition absent exceptional circumstances – none of which are present here.

A.     **Statement Of Relevant Facts**.

On October 4, 2009, during a traffic stop, Plaintiff was arrested for violation of Penal Code 12020(A), unlawful possession of a deadly weapon. Plaintiff was also found to be in possession of methamphetamine. Following his arrest, Plaintiff was housed in 3500 module[1] of MCJ.

On October 18, 2009, Defendant Deputy Luviano was escorting Plaintiff to the showers when Plaintiff told Luviano that he had something very important to tell him. Dep. Luviano walked Plaintiff away from the other inmates and directed him to face the wall. Instead of complying, Plaintiff physically resisted by kicking Dep. Luviano in the leg. In order to protect himself, Dep. Luviano struck Plaintiff in the stomach and attempted to take him to the ground. After several bursts of pepper spray and strikes to Plaintiff's legs and ribs, Plaintiff ceased resisting and became compliant. Plaintiff was treated at the medical ward and then transferred to Los Angeles County Medical Center.[2]

Plaintiff filed the instant action on October 10, 2010.

II.    **GOOD CAUSE EXISTS FOR *EX PARTE* RELIEF BECAUSE DEFENDANTS ARE UNABLE TO COMPLY WITH THE TIMING REQUIREMENTS OF LOCAL RULE 37-2.**

Plaintiff has noticed the depositions of Captain John Clark, Undersheriff Paul Tanaka, and retired Commander Dennis Conte, for October 25 and October 26, 2011. (Oyster Decl., ¶ 6-8.) Plaintiff subsequently noticed the deposition of Defendant Sheriff Baca for October 28, 2011. (Oyster Decl., ¶ 9.) Defendants

---

[1] Plaintiff was familiar with this module of MCJ as he had previously been arrested for a string of felonies, including robbery, battery, assault and drug charges, and was housed on the same floor. The 3000 floor contains "K-10" inmates who are specially designated to for separation from the general population for various reasons. In Plaintiff's case, it was for his own protection as he claimed that his father was in law enforcement.

4

met and conferred with Plaintiff on this matter over several days, however, Defendants are unable to comply with the filing requirements of Local Rule 37-2. Defendants' counsel notified Plaintiff's counsel of their objections to the depositions, but the parties were unable to reach an agreement. (Oyster Decl., ¶ 10.)

Because Defendants' counsel would be unable to timely prepare a Local Rule 37-2 joint stipulation with Plaintiff prior to the October 25 deposition of Captain John Clark, good cause exists to either enter a protective order on *ex parte* basis or, alternatively, set a briefing schedule on a motion for a protective order without requiring compliance with Local Rule 37-2.

### III.   A PROTECTIVE ORDER SHOULD BE ISSUED BECAUSE THE DISCOVERY SOUGHT IS NOT RELEVANT TO PLAINTIFF'S CLAIMS AND WOULD IMPOSE AN UNDUE BURDEN ON NON-PARTIES.

The right to discovery is limited to "any nonprivileged matter that is **relevant to any party's claim or defense**." Fed.R.Civ.P. 26(b)(1) (emphasis added). In other words, attorney-managed discovery must be focused on the actual claims and defenses involved in the action. Adv. Comm. Notes to 2000 Amendment to Fed.R.Civ.P. 26(b)(1). Further, Fed.R.Civ.P. 45(c) provides additional protection for non-parties subject to a subpoena by mandating that a court "quash or modify the subpoena if it ... subjects [the] person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). The Advisory Committee's Notes to the 1991 amendments to Fed.R.Civ.P. 45 state that the amendments have "enlarge[d] the protections afforded persons who are required to assist the court by giving information or evidence." Adv. Comm. Notes to 1991 Amendment to Fed.R.Civ.P. 45.

---

[2] Plaintiff was later transferred to California Department of Corrections custody and eventually released, but he is currently back in CDCR custody.

EX PARTE APPLICATION FOR PROTECTIVE ORDER

**A.**   **Plaintiff Cannot Articulate Any Need To Depose Captain Clark Or Undersheriff Tanaka, Neither Of Whom Were Assigned To MCJ At The Time Of The Subject Incident.**

Discovery should be denied where the information sought is simply too remote to any matter involved in the case: "(T)he standard of relevancy is not so liberal as to allow a party to ... explore matter which does not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL–CIO–CLC*, 103 F.3d 1007, 1012–1013 (D.C. Cir. 1997) (internal quotes omitted).

Specifically, discovery requests which are sought based on unconfirmed, secondhand information are generally insufficient absent a showing of direct relevance to the case. *See generally Vakharia v. Swedish Covenant Hosp.*, 1993 WL 359952, *1 (N.D. Ill. 1993) ("The unsupported possibility that this discovery might turn up something does not justify either the inevitable intrusion into confidential matters nor the resultant expansion of discovery.")  In *Mesa Airlines, Inc. v. Uslan*, 2007 WL 1821298, *7 (D. Ariz. 2007), the district court refused to permit plaintiff's request for additional discovery where plaintiff was "attempt[ing] to parlay a news article identifying [defendant's] affiliation with [an allegedly defamatory website] into a means of discovering the names and agencies of those actually responsible for the website."  The court further recognized that plaintiff's discovery request was based "on nothing more than [defendant's] attenuated affiliation with the website and unsupported allegations that contradict [defendant's] specific denials." *Id.*

Here, Plaintiff cannot articulate specific acts demonstrating why Captain Clark or Undersheriff Tanaka should be deposed in this action because Plaintiff cannot show that these individuals have any direct knowledge pertaining to the material issues, or that the information sought is not reasonably available through any other means.  Indeed, Captain Clark and Undersheriff Tanaka were not even

1   assigned to MCJ at the time of the subject incident, October 18, 2009.

2       Further, it is clear that Plaintiff is seeking to depose Captain Clark and

3   Undersheriff Tanaka based solely on an unconfirmed and speculative media report

4   which was released on September 16, 2011 – the same day that Plaintiff originally

5   served deposition notices for Captain Clark and Undersheriff Tanaka.  (Oyster

6   Decl., ¶ 12.)  The report, titled "Dangerous Jails – Part 1", was compiled by a

7   freelance online journalism group, and relies almost entirely on information from

8   an anonymous Los Angeles Sheriff's Department "whistleblower" regarding

9   alleged wrongdoing by Sheriff's Department employees at MCJ.  (Oyster Decl., ¶

10  12.)  In one part of the report, Captain Clark and Undersheriff Tanaka are

11  mentioned with respect to alleged conversations and events that took place in 2006.

12  (Oyster Decl., ¶ 12.)

13      Like the tenuous and insufficient connection based on a news article in *Mesa*

14  *Airlines, Inc. v. Uslan*, *supra*, Plaintiff's apparent reliance on an unconfirmed

15  blog report purportedly detailing events unrelated to the subject incident – which

16  occurred **three years before** the subject incident – does not justify this expansion

17  of discovery, or the undue burden these depositions would place on Captain Clark

18  and Undersheriff Tanaka.

19      Finally, far from being able to establish that the information Plaintiff seeks

20  is not reasonably available through any other means, Plaintiff cannot show that

21  Captain Clark or Undersheriff Tanaka have any knowledge whatsoever of the

22  subject incident.  Plaintiff's Complaint is devoid of any allegations against

23  Captain Clark or Undersheriff Tanaka, or allegations that Clark and Tanaka have

24  any knowledge of the subject matter specific to this lawsuit.  In light of such

25  circumstances, it is clear that any deposition of Captain Clark or Undersheriff

26  Tanaka would be a mere fishing expedition.

27  //

28  //

7

**IV.    THE DEPOSITIONS CANNOT GO FORWARD BECAUSE
         BACA, CLARK, TANAKA AND CONTE ARE OR WERE HIGH-
         RANKING GOVERNMENTAL OFFICIALS WHO ARE NOT
         SUBJECT TO DEPOSITION.**

Notwithstanding the fact that Plaintiff is seeking discovery wholly unrelated to this litigation, a protective order should be issued for the additional reason that Sheriff Baca, Captain Clark, Undersheriff Tanaka, and retired Commander Conte are or were high-ranking government officials who are not subject to deposition.

**A.    Absent Extraordinary Circumstances, Heads And Former
         Heads Of Government Agencies Are Not Subject To
         Deposition.**

Ninth Circuit authority demonstrates that "[h]eads of government agencies are not normally subject to deposition." *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  Other circuits across the country concur with the Ninth Circuit.  *See Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Stagman v. Ryan*, 176 F.3d 986 (7th Cir. 1999), cert. denied, 528 U.S. 986 (1999); *In re United States of America*, 985 F.2d 510, 512 (11th Cir. 1993) (*per curiam*), cert. denied sub nom., *Faloon v. United States*, 510 U.S. 989 (1993); *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C.Cir. 1985); *Sweeney v. Bond*, 669 F.2d 542 (8th Cir. 1982), abrogated on other grounds by *O'Hare Truck Service, Inc. v. City of Northlake*, 518 U.S. 712 (1996).

A Central District Court has specifically found that Sheriff Baca was a high-ranking government official subject to this rule.  *Avalos v. Baca*, 2006 WL 6220447 (C.D.Cal. 2006).  In *Avalos*, the Court found that the plaintiff had not established "that a deposition of Sheriff Baca fits within the narrow exception to the rule that litigants should ordinarily be required to depose those individuals

1   with the *most relevant* knowledge of the facts before taking the depositions of

2   high ranking government officials." *Id.* at 2 (Emphasis in original.).

3     Additionally, the rule applies to **former** high-ranking officials, such as

4   retired Commander Conte. *See, e.g., United States v. Sensient Colors, Inc.*, 649

5   F.Supp.2d 309, 316-317 (D.N.J. 2009) (holding that as with the rule barring

6   depositions of current public officials, former public officials should be deposed

7   only when the official possesses such personal knowledge that the rule is

8   unavailing); *see, also, United States of America v. Wal-Mart Stores*, 2002 WL

9   562301, *3 (D.Md. 2002) (holding that if the deposition immunity of high-

10  ranking officials has any meaning, "the protections must continue upon the

11  official's departure from public service."); *and Thomas v. Cate*, 2010 WL

12  671254, *31 (E.D. Cal. 2010) ("The general rule prohibiting depositions of

13  high-ranking government officials applies to former high-ranking officials[.]").

14  Indeed, after finding no pressing need for the petitioner to depose the former

15  governor of California, the *Thomas* court held that "[i]n the event petitioner has

16  a specific need for information solely in the possession of [the former governor],

17  **petitioner may submit a limited number of additional interrogatory**

18  **requests to the court for approval.**" *Id.* (emphasis added).

19    "The settled rule across the circuits is that absent extraordinary

20  circumstances, high-ranking officials may not be subjected to depositions or

21  called to testify regarding their official actions." *Coleman v. Schwarzenegger*,

22  2008 WL 4300437 (E.D.Cal. 2008).  As the *Coleman* Court noted, "Two reasons

23  underlie the reluctance of courts to allow discovery of high-ranking officials.  The

24  first is to protect the officials from discovery that will burden the performance of

25  their duties, particularly given the frequency with which such officials are likely

26  to be named in lawsuits." *Coleman*, 2008 WL 4300437 at *2; citing *In re United*

27  *States*, 985 F.2d 510, 512 (11th Cir. 1993).  "The second is to protect the officials

28  from unwarranted inquiries into their decision-making process." *Coleman*, 2008

9

1  WL 4300437 at *2; citing *United States v. Morgan*, 313 U.S. 409, 422 (1941).

2  Courts have refused to authorize the depositions of high-ranking

3  government officials, even where those officials have made decisions indirectly

4  affecting the rights of parties to the action.  In *In re FDIC*, 58 F.3d 1055 (5th Cir.

5  1995), for example, a condemnation action, cross-complainant Pacific Union

6  alleged that the FDIC improperly withdrew its approval of sale of the subject

7  property to Pacific Union in favor of transfer to another government agency,

8  causing Pacific Union to sustain damages in preparing for the sale.  *Id*. at 1057-

9  59.  The court held that although the directors were the authors and recipients of

10 correspondence evidencing "the development and implementation of a plan and

11 agreement" not to sell the property to Pacific Union, it would be improper for

12 Pacific Union to take their depositions.  *Id*. at 1061.  The court reasoned that the

13 official conduct of such individuals "frequently affects – sometimes adversely –

14 the property rights of private parties," and to countenance the taking of their

15 depositions to probe their decision making process would too often impose upon

16 them "the burdens of litigation discovery."  *Id*.

17 As current or former high-ranking officials within the Los Angeles

18 Sheriff's Department, Sheriff Baca, Captain Clark, Undersheriff Tanaka, and

19 retired Commander Conte are not subject to deposition in this matter.

20 **B.      The Threshold For A Finding Of Extraordinary**

21 **Circumstances Is High**.

22 The threshold for a finding of "extraordinary circumstances" is a high one,

23 and can be met only upon a showing that the government official to be deposed

24 has first-hand knowledge of relevant matters **and** the information to be gained

25 from a deposition is not available through any other source.  *Church of*

26 *Scientology of Boston v. I.R.S.*, 138 F.R.D. 9 at 12 (D. Mass 1990); *see also*

27 *Alexander v. F.B.I.*, 186 F.R.D. 1, 3 (D. D.C. Cir. 1998) ("litigants should

28 ordinarily be **required to depose those individuals with the most knowledge of**

1  **the relevant facts** before taking the depositions of high ranking government

2  officials") (emphasis added); *Warzon v. Drew*, *supra*, 155 F.R.D. at 185 ("before

3  the involuntary depositions of high ranking government officials will be

4  permitted, the party seeking the depositions must demonstrate that the particular

5  official's testimony will likely lead to the discovery of admissible evidence and is

6  essential to that party's case, [citation omitted] ⋯ [and] the evidence must not be

7  available through an alternative source or via less burdensome means"); *NEC*

8  *Corp. v. U.S. Dept. of Commerce*, 958 F.Supp. 624, 634 (CIT 1997) (citing

9  *Warzon* for same proposition); *Smith v. State Dept. of Children & Youth Services*,

10  179 F.R.D. 644, 646 (N.D. Ga. 1998) (granting protective order precluding the

11  deposition of the highest ranking official in the Department of Juvenile Justice

12  because the plaintiffs failed to show that his testimony was "essential to their

13  case" and that he would provide evidence "not available through an alternative

14  source"); *Stagman v. Ryan*, 176 F.3d 986 (7th Cir. 1999) (plaintiff not permitted

15  to depose attorney general in section 1983 action arising from his termination

16  from attorney general's office because the decision to terminate was made by

17  attorney general's staff); *Bogan*, 489 F.3d at 423.

18       Plaintiff has provided no evidence that Sheriff Baca, Captain Clark,

19  Undersheriff Tanaka, or retired Commander Conte were personally involved in

20  anything having to do with the October 2009 incident that is the subject of this

21  action.  Accordingly, Defendants' *Ex Parte* Application should be granted.

22  IV.    **CONCLUSION.**

23       For the foregoing reasons, Defendants respectfully request that the Court

24  issue a protective order barring Plaintiff from deposing Sheriff Baca, Captain

25  Clark, Undersheriff Tanaka, or retired Commander Conte.  In the alternative,

26  //

27  //

28  //

11

1  Defendants request that the Court enter an order setting a briefing schedule on a

2  motion for a protective order, staying the deposition pending a hearing on the

3  motion, and excusing Defendants from compliance with Local Rule 37-2.

4

5  Dated:  October 6, 2011          LAWRENCE BEACH ALLEN & CHOI, PC

6

7                                   By    /s/ Nathan A. Oyster
                                          Nathan A. Oyster
8                                         Attorneys for Defendants
                                          County of Los Angeles,
9                                         Sheriff Leroy D. Baca,
                                          Fernando Luviano, David Ortega,
10                                        and Giovanni Rico

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF NATHAN A. OYSTER

1.    The facts set forth herein are based on my personal knowledge or, as specified, upon my information and belief, based on official acts and writings. If called upon as a witness, I could and would testify competently to the facts contained herein under oath.

2.    I am an attorney at law, duly licensed to practice before this Court and all of the courts of the State of California, and an associate of the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants in the above-captioned matter.

3.    On September 16, 2011, Plaintiff served deposition notices for Captain John Clark, (Ret.) Commander Dennis Conte, and Undersheriff Paul Tanaka. The depositions were originally scheduled for October 3, October 4, and October 6, 2011.

4.    Upon receipt of the deposition notices, my office contacted Plaintiff's counsel to advise of our intention to seek a Protective Order barring the depositions and requested a continuance of the noticed deposition dates to late October.

5.    Plaintiff's counsel agreed to continue the deposition dates as my office requested.

6.    On September 21, 2011, Plaintiff served a Notice of Deposition for Captain John Clark. A true and correct copy of the amended deposition notice is attached hereto as Exhibit "A".

7.    On September 21, 2011, Plaintiff served a Notice of Deposition for (Ret.) Commander Dennis Conte. A true and correct copy of the amended deposition notice is attached hereto as Exhibit "B".

8.    On September 21, 2011, Plaintiff served a Notice of Deposition for Undersheriff Paul Tanaka. A true and correct copy of the amended deposition notice is attached hereto as Exhibit "C".

9.    On September 29, 2011, Plaintiff served a Notice of Deposition for

Sheriff Leroy D. Baca.  A true and correct copy of the deposition notice is attached hereto as Exhibit "D".

10.     On October 5, 2011, I advised Plaintiff's counsel of Defendants' intention to file this *Ex Parte* Application.  Ms. Keeny advised me that Plaintiff opposes this *Ex Parte* Application.

11.     As the earliest deposition is scheduled for October 25, 2011, Defendants do not have time to comply with the requirements of Local Rule 37-2, necessitating Defendants' attempt to seek relief via this *Ex Parte* Application.

12.     On September 16, 2011, I reviewed a blog (http://witnessla.com/lasd/2011/admin/dangerous-jails-part-1-by-matthew-fleischer), which provided excerpts from a report making allegations against the Sheriff's Department.   The unsubstantiated report referenced Capt. Clark and Undersheriff Tanaka.

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct.

Executed October 6, 2011, at Glendale, California.


/s/ Nathan A. Oyster
Nathan A. Oyster

Dan Stormer, Esq. (S.B. #101967)
dstormer@hadsellstormer.com
Virginia Keeny, Esq. (S.B. #139568)
vkeeny@hskrr.com
HADSELL STORMER KEENY
    RICHARDSON & RENICK, LLP
128 North Fair Oaks Avenue
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Attorneys for Plaintiff
Michael Holguin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL HOLGUIN,<br><br>       Plaintiff,<br><br>  vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, DEPUTY RICO, DEPUTY FERNANDO LUVIANO, DEPUTY LASCANO, AND DOES 1-20,<br><br>       Defendants. | Case No: CV 10-8011-GW(PLAx)<br><br>[Assigned to the Honorable George H. Wu - Courtroom 10]<br><br>**PLAINTIFF HOLGUIN'S AMENDED NOTICE OF DEPOSITION OF CAPTAIN JOHN CLARK**<br><br>Date:     October 26, 2011<br>Time:    1:00 p.m.<br>Place:   HSKRR, LLP<br>          128 N. Fair Oaks Ave.<br>          Pasadena, CA 91103<br><br>Complaint Filed:  October 25, 2010<br>Disc. Cut-Off:   November 3, 2011<br>Motion Cut-Off:  None Set<br>Trial Date:     February 28, 2012 |

Exhibit "A"

15

PLTF HOLGUIN'S AMENDED NTC
OF DEPO OF CAPTAIN JOHN CLARK    1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff will take the deposition of Captain John Clark on October 26, 2011. Said deposition shall commence at 1:00 p.m. at Hadsell Stormer Keeny Richardson & Renick, LLP., 128 N. Fair Oaks Avenue, Pasadena, California, 91103.

**PLEASE TAKE FURTHER NOTICE** that said deposition will be taken upon oral examination by stenographic means before a notary public, or some other officer authorized by law to administer oaths. Plaintiff reserves the right to record said deposition by videotape. If the deposition is not completed on October 26, 2011, it will be continued day to day thereafter, until completed, or at some mutually agreeable date within a reasonable period of time.

DATED:  September 21, 2011               Respectfully Submitted,

                                        HADSELL STORMER KEENY
                                            RICHARDSON & RENICK, LLP

                                        By
                                           Virginia Keeny, Esq.

                                        Attorneys for Plaintiff
                                        MICHAEL HOLGUIN

Exhibit "A"

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California 91103.

On September 21, 2011, I served the foregoing document(s) described as: **PLAINTIFF HOLGUIN'S AMENDED NOTICE OF DEPOSITION OF CAPTAIN JOHN CLARK** on all interested parties in this action by a true copy thereof enclosed in a sealed box addressed as follows:

| | |
|---|---|
| Raymond W. Sakai, Esq.<br>LAWRENCE, BEACH,<br>ALLEN & CHOI PC<br>100 West Broadway, Suite 1200<br>Glendale, California 91210-1219<br>Telephone: (818) 545-1925<br>Facsimile: (818) 545-1937 | **Attorneys for Defendants** |

<u>XX</u>    **BY MAIL**
I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

Executed on September 21, 2011, at Pasadena, California.

<u>XX</u>    (Federal)    I declare that I am employed in the office of a member of the bar of this Court at whose direction the serve was made.

_____
Bianca Ramirez
Declarant

Exhibit "A"

17

1 Dan Stormer, Esq. (S.B. #101967)
   dstormer@hadsellstormer.com
2 Virginia Keeny, Esq. (S.B. #139568)
   vkeeny@hskrr.com
3 HADSELL STORMER KEENY
        RICHARDSON & RENICK, LLP
4 128 North Fair Oaks Avenue
   Pasadena, California 91103-3645
5 Telephone: (626) 585-9600
   Facsimile: (626) 577-7079
6

7 Attorneys for Plaintiff
   Michael Holguin
8

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12

13 MICHAEL HOLGUIN,                     Case No: CV 10-8011-GW(PLAx)

14          Plaintiff,                  [Assigned to the Honorable George H.
                                        Wu - Courtroom 10]
15    vs.

16 COUNTY OF LOS ANGELES, LOS           **PLAINTIFF HOLGUIN'S**
   ANGELES COUNTY SHERIFF'S             **AMENDED NOTICE OF**
17 DEPARTMENT, SHERIFF LEE BACA,        **DEPOSITION OF DENNIS A.**
   DEPUTY RICO, DEPUTY FERNANDO         **CONTE**
18 LUVIANO, DEPUTY LASCANO,
   AND DOES 1-20,                       Date:      October 25, 2011
19                                      Time:      9:30 a.m.
            Defendants.                 Place:     HSKRR, LLP
20                                                 128 N. Fair Oaks Ave.
                                                   Pasadena, CA 91103
21

22                                      Complaint Filed:  October 25, 2010
                                        Disc. Cut-Off:    November 3,2011
23                                      Motion Cut-Off:   None Set
                                        Trial Date:       February 28, 2012
24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff will take the deposition of Dennis A. Conte on October 25, 2011. Said deposition shall commence at 9:30 a.m. at Hadsell Stormer Keeny Richardson & Renick, LLP., 128 N. Fair Oaks Avenue, Pasadena, California, 91103.

**PLEASE TAKE FURTHER NOTICE** that said deposition will be taken upon oral examination by stenographic means before a notary public, or some other officer authorized by law to administer oaths. Plaintiff reserves the right to record said deposition by videotape. If the deposition is not completed on October 25, 2011, it will be continued day to day thereafter, until completed, or at some mutually agreeable date within a reasonable period of time.

Attached hereto as Exhibit A is a true and correct copy of the deposition subpoena.

DATED:  September 21, 2011          Respectfully Submitted,

HADSELL STORMER KEENY
    RICHARDSON & RENICK, LLP

By_____
    Virginia Keeny, Esq.
Attorneys for Plaintiff
MICHAEL HOLGUIN

# EXHIBIT A

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| Michael Holguin | ) |
| _Plaintiff_ | ) |
| v. | ) |
| County of Los Angeles, Los Angeles County Sheriff's | ) |
| Dept., Sheriff Lee Baca, Deputy Rico, et. al. | ) |
| _Defendant_ | ) |

Civil Action No.   CV 10-8011-GW(PLAx)

(If the action is pending in another district, state where:
                                                                )

_AMENDED_   **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Dennis A. Conte

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hadsell, Stormer, Keeny, Richardson & Renick, LLP, 128 N. Fair Oaks Ave., Pasadena, CA 91103 Tel: (626) 585-9600/Fax: (626) 577-7079 | Date and Time: 10/25/2011 9:30 am |
|---|---|

The deposition will be recorded by this method:   _Stenographic, with possibility of video recording_

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _09/21/2011_

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Plaintiff Michael Holguin
_____ , who issues or requests this subpoena, are:

Virginia Keeny, Hadsell Stormer Keeny Richardson & Renick LLP, 128 N. Fair Oaks Ave., Pasadena, CA 91103
Email: vkeeny@hskrr.com; Telephone: (626) 585-9600

Exhibit "B"          21

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California 91103.

On September 21, 2011, I served the foregoing document(s) described as: **PLAINTIFF HOLGUIN'S AMENDED NOTICE OF DEPOSITION OF DENNIS A. CONTE** on all interested parties in this action by a true copy thereof enclosed in a sealed box addressed as follows:

| | |
|---|---|
| Raymond W. Sakai, Esq.<br>LAWRENCE, BEACH,<br>ALLEN & CHOI PC<br>100 West Broadway, Suite 1200<br>Glendale, California 91210-1219<br>Telephone: (818) 545-1925<br>Facsimile: (818) 545-1937 | **Attorneys for Defendants** |

XX   **BY MAIL**
    I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

Executed on September 21, 2011, at Pasadena, California.

XX   (Federal)    I declare that I am employed in the office of a member of the bar of this Court at whose direction the serve was made.

Bianca Ramirez
Declarant

1   Dan Stormer, Esq. (S.B. #101967)
    dstormer@hadsellstormer.com
2   Virginia Keeny, Esq. (S.B. #139568)
    vkeeny@hskrr.com
3   HADSELL STORMER KEENY
        RICHARDSON & RENICK, LLP
4   128 North Fair Oaks Avenue
    Pasadena, California 91103-3645
5   Telephone: (626) 585-9600
    Facsimile: (626) 577-7079
6

7   Attorneys for Plaintiff
    Michael Holguin
8

9

                    **UNITED STATES DISTRICT COURT**
10
                    **CENTRAL DISTRICT OF CALIFORNIA**
11

12

13  MICHAEL HOLGUIN,                      Case No: CV 10-8011-GW(PLAx)

14          Plaintiff,                    [Assigned to the Honorable George H.
                                          Wu - Courtroom 10]
15      vs.

16  COUNTY OF LOS ANGELES, LOS            **PLAINTIFF HOLGUIN'S**
    ANGELES COUNTY SHERIFF'S              **AMENDED NOTICE OF**
17  DEPARTMENT, SHERIFF LEE BACA,         **DEPOSITION OF UNDERSHERIFF**
    DEPUTY RICO, DEPUTY FERNANDO          **PAUL TANAKA**
18  LUVIANO, DEPUTY LASCANO,
    AND DOES 1-20,                        Date:       October 26, 2011
19                                        Time:       9:00 a.m.
            Defendants.                   Place:      HSKRR, LLP
20                                                    128 N. Fair Oaks Ave.
                                                      Pasadena, CA 91103
21

22                                        Complaint Filed:  October 25, 2010
                                          Disc. Cut-Off:    November 3,2011
23                                        Motion Cut-Off:   None Set
                                          Trial Date:       February 28, 2012
24

25

26

27

28
                                                      Exhibit "C"      23

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil

3  Procedure, plaintiff will take the deposition of Undersheriff Paul Tanaka on October 26,

4  2011. Said deposition shall commence at 9:00 a.m. at Hadsell Stormer Keeny Richardson

5  & Renick, LLP., 128 N. Fair Oaks Avenue, Pasadena, California, 91103.

6      **PLEASE TAKE FURTHER NOTICE** that said deposition will be taken upon

7  oral examination by stenographic means before a notary public, or some other officer

8  authorized by law to administer oaths.  Plaintiff reserves the right to record said

9  deposition by videotape.  If the deposition is not completed on October 26, 2011, it will

10  be continued day to day thereafter, until completed, or at some mutually agreeable date

11  within a reasonable period of time.

12

13

14  DATED:  September 21, 2011        Respectfully Submitted,

15                      HADSELL STORMER KEENY

16                        RICHARDSON & RENICK, LLP

17

18                      By

19                      Virginia Keeny, Esq.

20                      Attorneys for Plaintiff
                      MICHAEL HOLGUIN

21

22

23

24

25

26

27

28

Exhibit "C"  24

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California 91103.

On September 21, 2011, I served the foregoing document(s) described as: **PLAINTIFF HOLGUIN'S AMENDED NOTICE OF DEPOSITION OF UNDERSHERIFF PAUL TANAKA** on all interested parties in this action by a true copy thereof enclosed in a sealed box addressed as follows:

| Raymond W. Sakai, Esq.<br>LAWRENCE, BEACH,<br>ALLEN & CHOI PC<br>100 West Broadway, Suite 1200<br>Glendale, California 91210-1219<br>Telephone: (818) 545-1925<br>Facsimile: (818) 545-1937 | **Attorneys for Defendants** |
|---|---|

<u>XX</u>   **BY MAIL**
I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

Executed on September 21, 2011, at Pasadena, California.

<u>XX</u>   (Federal)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the serve was made.

Bianca Ramirez
Declarant

Exhibit "C"   25

1 | Dan Stormer, Esq. (S.B. #101967)
dstormer@hadsellstormer.com
2 | Virginia Keeny, Esq. (S.B. #139568)
vkeeny@hskrr.com
3 | HADSELL STORMER KEENY
    RICHARDSON & RENICK, LLP
4 | 128 North Fair Oaks Avenue
Pasadena, California 91103-3645
5 | Telephone: (626) 585-9600
Facsimile: (626) 577-7079
6 |

7 | Attorneys for Plaintiff
Michael Holguin
8 |

9 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLGUIN, | Case No: CV 10-8011-GW(PLAx) |
|     Plaintiff, | [Assigned to the Honorable George H. Wu - Courtroom 10] |
|     vs. | |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, DEPUTY RICO, DEPUTY FERNANDO LUVIANO, DEPUTY LASCANO, AND DOES 1-20, | **PLAINTIFF HOLGUIN'S NOTICE OF DEPOSITION OF SHERIFF LEROY D. BACA** |
|     Defendants. | Date: October 28, 2011<br>Time: 9:30 a.m.<br>Place: HSKRR, LLP<br>    128 N. Fair Oaks Ave.<br>    Pasadena, CA 91103 |
| | Complaint Filed: October 25, 2010<br>Disc. Cut-Off: November 3, 2011<br>Motion Cut-Off: None Set<br>Trial Date: February 28, 2012 |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2   **PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil

3   Procedure, plaintiff will take the deposition of Sheriff Leroy D. Baca on October 28,

4   2011. Said deposition shall commence at 9:30 a.m. at Hadsell Stormer Keeny Richardson

5   & Renick, LLP., 128 N. Fair Oaks Avenue, Pasadena, California, 91103.

6   **PLEASE TAKE FURTHER NOTICE** that said deposition will be taken upon

7   oral examination by stenographic means before a notary public, or some other officer

8   authorized by law to administer oaths. Plaintiff reserves the right to record said

9   deposition by videotape. If the deposition is not completed on October 28, 2011, it will

10  be continued day to day thereafter, until completed, or at some mutually agreeable date

11  within a reasonable period of time.

12

13  DATED:  September 29, 2011          Respectfully Submitted,
14
15                                      HADSELL STORMER KEENY
                                            RICHARDSON & RENICK, LLP
16
17
18                                      By
                                            Virginia Keeny, Esq.
19
                                        Attorneys for Plaintiff
20                                      MICHAEL HOLGUIN
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California 91103.

On September 29, 2011, I served the foregoing document(s) described as: **PLAINTIFF HOLGUIN'S NOTICE OF DEPOSITION OF SHERIFF LEROY D. BACA** on all interested parties in this action by a true copy thereof enclosed in a sealed box addressed as follows:

| | |
|---|---|
| Raymond W. Sakai, Esq.<br>LAWRENCE, BEACH,<br>ALLEN & CHOI PC<br>100 West Broadway, Suite 1200<br>Glendale, California 91210-1219<br>Telephone: (818) 545-1925<br>Facsimile: (818) 545-1937 | **Attorneys for Defendants** |

<u>XX</u>    **BY MAIL**

I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

Executed on September 29, 2011, at Pasadena, California.

<u>XX</u>    (Federal)    I declare that I am employed in the office of a member of the bar of this Court at whose direction the serve was made.

Bianca Ramirez
Declarant

Exhibit "D"        28